James L. Day (State Bar No. 197158)
jday@fbm.com
Vanessa K. Ing (State Bar No. 329577)
ving@fbm.com
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Eva L. Bitran (State Bar No. 302081)
ebitran@aclu.org
ACLU FOUNDATION OF SOUTHERN
CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (909) 380-7505

Eunice Cho (*pro hac vice* forthcoming)
echo@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 548-6616

Attorneys for Plaintiff
*(additional counsel information on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS, UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES DEPARTMENT OF HOMELAND SECURITY OFFICE OF CIVIL RIGHTS AND CIVIL LIBERTIES, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No. 2:24-cv-09123<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1   Kyle Virgien (State Bar No. 278747)
    kvirgien@aclu.org
2   AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    NATIONAL PRISON PROJECT
3   425 California Street, 7th Floor
    San Francisco, CA 94104
4   Telephone: 415-343-0770

5   My Khanh Ngo (State Bar No. 317817)
    mngo@aclu.org
6   AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    IMMIGRANTS' RIGHTS PROJECT
7   425 California Street, 7th Floor
    San Francisco, CA 94104
8   Telephone: 415-343-0770

9   Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      This action under the Freedom of Information Act ("FOIA") seeks the timely release of agency records by defendants Federal Bureau of Prisons ("BOP"), United States Customs and Border Protection ("CBP"), Department of Homeland Security Office of Civil Rights and Civil Liberties ("CRCL"), and United States Department of Homeland Security ("DHS") (collectively, "Defendants"). Specifically, this action seeks disclosure of records related to the use of BOP facilities for immigration detention and the use of soft-sided temporary facilities (tent-like structures) by CBP for holding and processing migrants in Texas.

2.      The records sought address a matter of great public concern.  Both the use of federal prisons run by BOP for immigration detention and CBP's use of tent-like structures in Texas to detain immigrants have caused significant civil rights violations in the past, prompting several complaints and investigations.  In 2018, the ACLU sued then-President Trump, U.S. Immigration and Customs Enforcement ("ICE"), and BOP for violating the constitutional rights of immigrants detained at a federal prison in California, arguing that detention at the BOP facility caused needless harm and suffering to immigrants who were held there.[1]  Media outlets have also reported on concerns regarding conditions of confinement at tented facilities in Texas.[2]  If a future presidential administration were to initiate a program of mass detention and deportation, the government might turn to tent-like structures or BOP facilities to expand its capacity to hold migrants.  The information Plaintiff

---

[1] Complaint, *Teneng v. Trump*, No. 5:18-cv-01609 (C.D. Cal. Aug. 1, 2018), ECF No. 1; Complaint, *Rodriguez Castillo v. Nielsen*, No. 5:18-cv-01609 (C.D. Cal. June 19, 2019), ECF No. 1.

[2] *E.g.*, *Congressman Releases Photos of Migrant Detention Facilities at US Border*, Voice of America (Mar. 22, 2021), https://www.voanews.com/a/usa_immigration_congressman-releases-photos-migrant-detention-facilities-us-border/6203633.html.

seeks through these requests will help to inform the public of the risks that would result if the government were to use these types of detention.

3.     Plaintiff, which is a nonprofit, nonpartisan civil liberties advocacy organization, submitted FOIA requests (the "Requests") to the Defendants on September 10, 2024, seeking the release of records relating to the implementation of these operations.  To date, only one of the Defendants has released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within, at most, 30 working days.

4.     Plaintiff now asks the Court for injunctive and other appropriate relief requiring Defendants to conduct a thorough search for all responsive records and to immediately process and release any responsive records.  Plaintiff also seeks an order enjoining Defendants from withholding non-exempt, responsive records.  Finally, Plaintiff seeks an order that Defendants immediately and expeditiously process and release any responsive records and immediately and unconditionally waive all fees associated with responding to Plaintiff's FOIA Requests.

## JURISDICTION AND VENUE

5.     The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-06.

6.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).  Plaintiff resides and has its principal place of business in this district.

## PARTIES

7.     Plaintiff American Civil Liberties Union Foundation of Southern California ("ACLU SoCal" or "Plaintiff") is a nonprofit, nonpartisan organization under the laws of California with over 120,000 members.  As an affiliate of the national American Civil Liberties Union Foundation, ACLU SoCal is dedicated to the principles of liberty and equality embodied in the constitutions of the United States and California, as well as our nation's civil rights laws.  ACLU SoCal is also

committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and public is a critical and substantial component of the ACLU's work and one of its primary activities.

8.    Defendant BOP is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. BOP has possession, custody, and control of records that ACLU SoCal seeks.

9.    Defendant CBP is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. CBP has possession, custody, and control of records that ACLU SoCal seeks.

10.    Defendant CRCL is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. CRCL has possession, custody, and control of records that ACLU SoCal seeks.

11.    Defendant DHS is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. DHS has possession, custody, and control of records that ACLU SoCal seeks, including through its component or subcomponent offices CBP, the Privacy Office, and CRCL.

## FACTUAL BACKGROUND

12.    On September 10, 2024, ACLU SoCal submitted a FOIA Request to Defendant BOP, seeking records related to the use of BOP facilities for immigration detention from the period of January 1, 2017 through the present, including but not limited to policy memoranda, detention standards, contracts, and any other documents regarding the use of BOP facilities to hold people in the custody of ICE. *See* **Exhibit A**, "FOIA Request to BOP." Specifically, this Request seeks the following records:

- (1) "DOCUMENTS sufficient to show all DETENTION STANDARDS that have applied, from January 1, 2017 through the present, to people who are in the legal custody of ICE but who are held in a BOP FACILITY." *See id.* at 3.

- (2) "All contracts or agreements between ICE and BOP, dated between January 1, 2017 and the present, regarding the use of BOP FACILITIES to hold people who are in the legal custody of ICE[.]" *See id.*

- (3) "Policy memoranda and other DOCUMENTS, effective between January 1, 2017 and the present, setting out BOP policy with respect to holding people in the legal custody of other agencies (such as ICE or the U.S. Marshals Service) in BOP facilities." *See id.*

13.    On September 10, 2024, ACLU SoCal also submitted a FOIA Request to Defendants CBP, CRCL, and DHS (via its privacy office). *See* **Exhibit B**, "FOIA Request to CBP." This Request seeks records regarding the use of soft-sided temporary facilities used by CBP for holding and processing migrants in Texas, including, but not limited to, detention standards, contracts, and inspection and investigative reports resulting from examinations or investigations conducted by CRCL and the Office of Immigration Detention Ombudsman ("OIDO") of such facilities, as well as records related to CBP's assessments of U.S. Department of Defense sites for additional temporary soft-sided facilities. *See id.* Specifically, this Request seeks the following records:

- (1) "DOCUMENTS sufficient to show all DETENTION STANDARDS that have applied, from January 1, 2019 through the present, to people who are held in DHS custody at CBP's temporary soft-sided facilities in Texas, including, but not limited to facilities in the Rio Grande Valley, Laredo, and Del Rio, Texas sectors." *See id.* at 4.

- (2) "CBP contracts or agreements in effect from January 1, 2019, to the present, for temporary soft-sided facilities, including, but not limited to their construction and use, equipment, rent, utilities, and support services such as meals, medical care, childcare, and janitorial services." *See id.*

- (3) "All inspection and investigative reports from CRCL examinations of temporary soft-sided detention facilities under the auspices of CBP from January 1, 2019 to the present, excluding personal identifying information about employees and detainees of detention facilities." *See id.*

- (4) "All inspection and investigative reports from OIDO examinations of temporary soft-sided detention facilities under the auspices of CBP from January 1, 2019 to the present, excluding personal identifying information about employes and detainees of detention facilities." *See id.*

- (5) "CBP's assessments of DOD sites for additional temporary soft-sided facilities, including, but not limited to the assessment referenced in DHS Secretary Mayorkas's April 26, 2022 Memorandum titled 'DHS Plan for Southwest Border Security and Preparedness.'" *See id.*

14.     Plaintiff sought a waiver of any fees associated with responding to its FOIA Requests, including any search, review, and reproduction fees, on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k); 28 C.F.R. § 16.10(k).

15.     Plaintiff also sought a waiver of any fees associated with responding to its FOIA Requests, including any search and review fees, on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 6 C.F.R. § 5.11(d)(1); 28 C.F.R. §§ 16.10(c)(1)(i), (d)(1).

16.     In addition, Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E), 6 C.F.R. § 5.5(e), and 28 C.F.R. § 16.5(e) because there is a "compelling need" for these records.  As an organization that routinely disseminates information to the public and advocates for government transparency and accountability, especially as to potential government abuses of civil rights and civil liberties, Plaintiff has an urgent need to obtain these records so it can inform the public about the federal government's activities with respect to its treatment of noncitizens.

## Defendants' Responses to the FOIA Requests

### Federal Bureau of Prisons

17.     BOP acknowledged receipt of the FOIA Request attached as Exhibit A

on September 19, 2024, by email. *See* **Exhibit C** ("Email Correspondence with BOP"). While BOP acknowledged that Plaintiff's request met the requirement for expedited processing, BOP stated that processing Plaintiff's request might take up to six months. *See id.* at 2. BOP then invoked a 10-business-day extension for its response under 5 U.S.C. § 552(a)(6)(B). *See id.* Because BOP did not address Plaintiff's request for a fee waiver, Plaintiff sent a request on September 19, 2024, asking BOP to issue a formal determination on the fee waiver request. *See id.* at 1. On September 24, 2024, BOP stated in response that any decision with regard to fees would be made only after determining whether fees would be implicated in the request. *See id.* Therefore, there has been no final determination on Plaintiff's fee waiver request.

18.     To date, BOP has produced no records and has not responded to the Request. BOP has neither released responsive records nor explained its basis for withholding them.

19.     Plaintiff has exhausted all administrative remedies because BOP has failed to respond to the Request within the FOIA's time limit of 30 working days.

<u>United States Customs and Border Protection</u>

20.     CBP acknowledged receipt of the FOIA Request attached as Exhibit B on September 11, 2024, by email. *See* **Exhibit D** ("Email Correspondence with CBP"). CBP invoked a 10-business-day extension for the request pursuant to 6 C.F.R. § 5.5(c) and did not address Plaintiff's request for expedited processing. *See id.* at 3. Plaintiff responded on September 12, 2024, referring CBP to the request for a fee waiver and asking for a formal determination. *See id.* at 1-3. CBP never provided a formal determination on Plaintiff's request for a fee waiver.

21.     On October 16, 2024, CBP provided Plaintiff with an update on the FOIA Request. *See* **Exhibit E** ("October 16, 2024 Email from CBP"). First, with respect to Item 1 of the Request, CBP provided a publicly available link to its

National Standards on Transport, Escort, Detention, and Search,[3] but provided no other documents, including additional known responsive documents.  CBP also stated that it deferred Item 3 to DHS.  For the remaining Items 2, 4, and 5, CBP stated that it is still searching for records.  On October 21, CBP sent another email informing Plaintiff that the status of its FOIA request is "Processing: Searching for Records," and notified Plaintiff that "once a response is made available, you will be notified electronically."  *See* **Exhibit F** ("October 21, 2024 Email from CBP to ACLU").  In neither of its emails did CBP provide further details as to what information the agency would release or not release, or information regarding administrative appeal for Item 1.

22.     To date, other than the singular document provided in response to Item 1, CBP has produced no records responsive to the Request nor explained its basis for withholding them.

23.     Plaintiff has exhausted all administrative remedies, because CBP has failed to comply with the time limit of 30 working days to respond to the Request under the FOIA.

<u>Office of Civil Rights and Civil Liberties</u>

24.     CRCL acknowledged Plaintiff's FOIA Request attached as Exhibit B on September 10, 2024, by email.  *See* **Exhibit G** ("Email Correspondence with CRCL").  CRCL stated that for Items 1, 2, 4, and 5, it determined those records would be under the purview of the DHS Privacy Office and CBP, and directed the request to them.  *See id*. at 1.  CRCL did not address Plaintiff's requests for a fee waiver or for expedited processing.  *See id.*  This response also did not invoke any extension for responding to the FOIA Request.  *See id.*

25.     To date, CRCL has produced no records nor any other response.

---

[3] *See* https://www.cbp.gov/document/directives/cbp-national-standards-transport-escort-detention-and-search.

CRCL has neither released responsive records nor explained its basis for withholding them.

26.    Plaintiff has exhausted all administrative remedies because CRCL has failed to comply with the time limit of 20 working days to respond to the Request under the FOIA.

<u>United States Department of Homeland Security</u>

27.    On September 12, 2024, DHS's Privacy Office acknowledged receipt of the FOIA Request attached as Exhibit B.  *See* **Exhibit H** ("September 12, 2024 Letter from DHS").  DHS transferred Items 1, 2, and 5 of the Request to the FOIA Officer for CBP.  *See id*. at 1-2.  It also noted that Item 3 would be under the purview of CRCL.  *See id*. at 2.  As to Item 4, DHS invoked a 10-business-day extension for responding to the FOIA Request under 6 C.F.R. § 5.5(c).  Lastly, DHS conditionally granted Plaintiff's request for a fee waiver, but did not address Plaintiff's request for expedited processing.  *See id.* at 2-3.

28.    On September 17, 2024, DHS's Privacy Office emailed Plaintiff requesting clarification of Item 4 of the FOIA Request, specifically requesting that Plaintiff define what it means by "'inspection and investigative' reports."  *See* **Exhibit I** ("September 17, 2024 Email from DHS").  Plaintiff wrote back on September 18 with a detailed clarification, which served to perfect Item 4 of Plaintiff's FOIA Request submitted September 10.  *See* **Exhibit J** ("September 18, 2024 Clarification Email Re: FOIA Request").  Plaintiff offered to provide further clarification if needed.  No response was received.

29.    To date, DHS has produced no records nor any other response.  DHS has neither released responsive records nor explained its basis for withholding them.

30.    Plaintiff has exhausted all administrative remedies because DHS has failed to comply with the time limit of 30 working days to respond to the Request under the FOIA.

**Statutory Requirements**

31.     "The Freedom of Information Act was enacted to facilitate public access to government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)).  Its basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

32.     With that purpose in mind, the FOIA statute requires federal agencies like Defendants to disclose records within 20 working days in response to FOIA Requests.  5 U.S.C. § 552(a)(6)(A)(i).  If there are "unusual circumstances," an agency may extend the time limit by no more than 10 working days.  *Id.* § 552(a)(6)(B)(i).  To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.*  An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

33.     More than 30 working days have passed since Defendants BOP, CBP, and DHS received Plaintiff's Requests, but, with the exception of CBP as to Item 1 of Plaintiff's Request, these Defendants still have not provided any records.

34.     More than 20 working days have passed since Defendant CRCL received Plaintiff's Request, but this Defendant still has not provided any records.

35.     The statutory time period has thus elapsed for all Defendants.

36.     A district court has jurisdiction to enjoin an agency from withholding records and to order production of records that are subject to disclosure.  5 U.S.C. § 552(a)(4)(B).

37.     FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need.  5 U.S.C. §552(a)(6)(E)(i).  The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity.  5 U.S.C. § 552(a)(6)(E)(v)(II).

38.     FOIA, and its implementing regulations, further permits requesters to seek a waiver of fees associated with responding to their request for records, including any search, review, and reproduction fees, on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k); 28 C.F.R. § 16.10(k).

39.     Under FOIA and its implementing regulations, a requester may also seek a waiver of search and review fees on the grounds that it qualifies as a "representative of the news media" and that the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 6 C.F.R. § 5.11(d)(1); 28 C.F.R. §§ 16.10(c)(1)(i), (d)(1).

## CLAIMS FOR RELIEF

### CLAIM I
### (Against All Defendants)

### 5 U.S.C. § 552(a)(6)(A)
### Failure to Timely Respond to the Requests

40.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

41.     Plaintiff properly submitted the FOIA Requests on September 10, 2024, requesting records within the possession, custody, and control of Defendants.

42.     Defendants are obligated under 5 U.S.C. § 552(a)(3) to produce records

responsive to Plaintiff's FOIA Requests.

43.    To date, Defendants have not provided a determination on the FOIA Requests for disclosure of the requested records to Plaintiff.

44.    No basis exists for Defendants' failure to provide a response to Plaintiff's FOIA Requests.

45.    Defendants' failure to provide a determination within the statutory period is a violation of 5 U.S.C. § 552(a)(6)(A) and the agencies' corresponding regulations.  By failing to disclose and release the requested records, Defendants have violated Plaintiff's rights to Defendants' records under 5 U.S.C. § 552.

## CLAIM II
## (Against All Defendants)

### 5 U.S.C. § 552(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for and Promptly Release Records

46.    Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

47.    Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

48.    Upon information and belief, Defendants have in their possession responsive documents, including those specifically identified in Plaintiff's FOIA Requests, that they have failed to produce.

49.    The failure of Defendants to make a reasonable effort to search for records responsive to the Requests violates the FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

**CLAIM III**
**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)-(D), (a)(8)(A), (b)**
**Failure to Promptly Release Non-Exempt Records**

50.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

51.     Defendants are agencies subject to and within the meaning of FOIA, and they must therefore promptly release all non-exempt records.

52.     Upon information and belief, Defendants have in their possession responsive, non-exempt documents, including those specifically identified in Plaintiff's FOIA Requests, that they have failed to produce.

53.     Defendants have violated the FOIA, 5 U.S.C. § 552, and Defendants' corresponding regulations, by withholding non-exempt agency records subject to the Requests.

**CLAIM IV**
**(Against All Defendants)**

**5 U.S.C. § 552(a)(4), (a)(6)**
**Failure to Grant Fee Waiver**

54.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

55.     The information Plaintiff seeks through the FOIA Requests is likely to contribute significantly to public understanding of the operations or activities of the government.

56.     The information sought is not primarily in Plaintiff's commercial interest.  Plaintiff is a nonprofit organization and has no commercial interest.

57.     The requested records pertain to the federal government's immigration detention and deportation network and the ways in which Defendants spend their significant detention budgets.  This is a matter of widespread media and public

interest, and the requested records will contribute significantly to the public understanding of the operations or activities of the government.

58.     Defendants BOP, CBP, and CRCL have not reached formal determinations on Plaintiff's fee waiver requests.  Defendant DHS conditionally granted Plaintiff's fee waiver request.

59.     The failure of Defendants to unconditionally grant Plaintiff's request for a waiver of search, review, and duplication fees with respect to its FOIA Requests violates the FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding regulations.

## CLAIM V
## (Against All Defendants)

### 5 U.S.C. § 552(a)(6)(E)
**Failure to Process Plaintiff's Requests Expeditiously and as Soon as Practicable**

60.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

61.     Defendants are agencies subject to and within the meaning of FOIA, and they must therefore release all responsive, non-exempt records in an expedited timeframe when a basis exists to do so.

62.     Plaintiff is primarily engaged in disseminating information to the public.  Plaintiff has the ability and intention to widely disseminate the requested information through a variety of sources, including reports, newsletters, news briefings, right-to-know handbooks, and other materials, to the public at no cost. Indeed, obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public are critical and substantial components of the ACLU's work and are among its primary activities.

63.     The requested records pertain to the federal government's immigration detention and deportation network and the ways in which Defendants spend their

significant detention budgets.  This is a matter of widespread media and public interest, and the requested records will inform the public of pressing and urgent federal governmental activities, actual or alleged.

64.    Defendant BOP granted Plaintiff's request for expedited processing, but it has not processed records expeditiously or as soon as practicable.  Defendants CBP, CRCL, and DHS did not address Plaintiff's requests for expedited processing, constructively denying them.

65.    The failure of Defendants to process Plaintiff's FOIA Requests expeditiously and as soon as practicable violates the FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

a)    Declare that Defendants' failure to respond and produce the requested records is unlawful;

b)    Order Defendants to conduct a full, adequate, and expedited search for all responsive records;

c)    Declare that the requested Records are not exempt from disclosure under the Freedom of Information Act;

d)    Enjoin Defendants from withholding non-exempt, responsive records;

e)    Declare that Plaintiff is entitled to immediate and expeditious processing and release of any responsive records;

f)    Order Defendants to immediately and expeditiously process and release any responsive records;

g)    Declare that Plaintiff is entitled to an unconditional waiver of all fees associated with responding to Plaintiff's FOIA Requests;

h)    Order Defendants to immediately and unconditionally waive all fees associated with responding to Plaintiff's FOIA Requests;

i)      Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

j)      Grant such other relief as the Court deems just and proper.

Dated: October 23, 2024         FARELLA BRAUN + MARTEL LLP

By:    */s/ James L. Day*
        James L. Day
        Vanessa K. Ing

Attorneys for Plaintiff