E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
Assistant United States Attorney
JASON K. AXE (Cal. Bar No. 187101)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3986/8790
    E-mails: Sarah.Cronin@usdoj.gov
           Jason.Axe@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF PRISONS, UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES DEPARTMENT OF HOMELAND SECURITY OFFICE OF CIVIL RIGHTS AND CIVIL LIBERTIES, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. 2:24-cv-09123-MWC-BFM<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Hon. Michelle Williams Court<br>United States District Judge |

Defendants Federal Bureau of Prisons ("BOP"), United States Customs and Border Protection ("CBP"), United States Department of Homeland Security Office of Civil Rights and Civil Liberties ("CRCL"), and United States Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the numbered paragraphs of the Complaint (Dkt. 1, "Complaint") filed against Defendants by Plaintiff American Civil Liberties Union Foundation of Southern California ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer.

Defendants respond to the Complaint in like-numbered paragraphs as follows:

**INTRODUCTION**[1]

1. Paragraph 1 contains characterizations of Plaintiff's Complaint and Plaintiff's requested relief under the FOIA, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff made requests under the FOIA and otherwise deny the allegations in Paragraph 1. Defendants oppose Plaintiff's requested relief.

2. The allegations in Paragraph 2 consist of Plaintiff's characterizations of immigration detention facilities to which no response is required. If a response is deemed required, Defendants lack knowledge and information sufficient to form a belief as to the

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

truth of the first, fifth, and sixth sentences of Paragraph 2. The material cited in the second, third, and fourth sentences speak for themself, are the best evidence of their context, and should be read in full context. Defendants deny any remaining allegations contained in Paragraph 2.

3. Defendants admit they received FOIA requests from Plaintiff on September 10, 2024. Defendant CBP further admits it has released one responsive record to Plaintiff. The remaining allegations in Paragraph 3 consist of Plaintiff's characterization of itself, its FOIA requests, and legal conclusions to which no response is required. If a response is deemed required, Defendants respectfully refer the Court to Plaintiff's FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's characterization of itself. Defendants deny any remaining allegations contained in Paragraph 3.

4. The allegations in Paragraph 4 consist of Plaintiff's desired relief to which no response is required. If a response is deemed required, Defendants deny that any relief is warranted.

## JURISDICTION AND VENUE

5. Paragraph 5 contains Plaintiff's allegations concerning jurisdiction which consist of legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 5.

6. Paragraph 6 contains Plaintiff's allegations concerning venue which consist of legal conclusions to which no responses are required. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 6.

## PARTIES

7. Paragraph 7 consists of Plaintiff's characterization of itself to which no response is required. If a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and on that basis deny them.

8. Defendant BOP admits it is a component agency of the United States Department of Justice, which is an agency of the United States Government. Defendant BOP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 8, and on that basis denies them.

9. Defendant CBP admits that it is federal government agency. Defendant CBP lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 9, and on that basis denies them.

10. Defendant CRCL admits that it is a federal government agency. Defendant CRCL lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 10, and on that basis denies them.

11. Defendant DHS admits that it is an agency for purposes of FOIA. Defendant DHS lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 11, and on that basis denies them.

## **FACTUAL BACKGROUND**

12. Defendant BOP admits that Plaintiff submitted a FOIA request dated September 10, 2024 that speaks for itself. The remainder of this paragraph and its subparts purport to characterize Plaintiff's FOIA request, to which no response is required. To the extent a response is deemed required, Defendant BOP respectfully refers the Court to the request itself for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13. Defendants CBP, CRCL, and DHS admit that Plaintiff submitted a FOIA request dated September 10, 2024 that speaks for itself. The remaining allegations in Paragraph 13 and its subparts purport to characterize Plaintiff's FOIA request, to which no response is required. To the extent a response is deemed required, Defendants CBP, CRCL, and DHS respectfully refer the Court to the request for a true and accurate statement of its contents and deny any allegations inconsistent therewith.

14. Defendants admit that Plaintiff sought a waiver of search and review fees in

connection with its FOIA requests. The remaining allegations in Paragraph 14 purport to characterize Plaintiff's requests and justification for a fee waiver, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's FOIA requests, wherein the fee waiver is requested, and the cited statutes and regulations speak for themselves, for a complete and accurate statement of their content and deny any allegations inconsistent therewith.

15. Defendants admit that Plaintiff sought a waiver of search and review fees in connection with its FOIA requests. The remaining allegations in Paragraph 15 purport to characterize Plaintiff's requests and justification for a fee waiver, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to Plaintiff's FOIA requests, wherein the fee waiver is requested, and the cited statutes and regulations speak for themselves, for a complete and accurate statement of their content and deny any allegations inconsistent therewith.

16. Defendants admit that Plaintiff sought expedited processing of its FOIA requests. The remaining allegations in Paragraph 16 purport to characterize Plaintiff's justification for expedited processing, to which no response is required. To the extent a response is deemed required, Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and on that basis deny them. Defendants respectfully refer the Court to Plaintiff's FOIA requests, wherein the expedited processing is requested, for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

**Defendant's Responses to the FOIA Requests**

<u>Federal Bureau of Prisons</u>

17. Defendant BOP admits the first, second, and third sentences of Paragraph 17. Regarding the fourth sentence in Paragraph 17, Defendant BOP admits that Plaintiff sent a request for a determination on the fee waiver request; however, Defendant BOP lacks sufficient information and knowledge to form a belief as to why Plaintiff sent a subsequent email to BOP regarding the fee waiver issue, and on that basis denies the allegations in that sentence. Defendant BOP respectfully refers the Court to correspondence between Plaintiff and the Defendant BOP, identified as Exhibit C to the Complaint, for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant BOP admits the fifth and sixth sentences.

18. Admit, as of the date of this answer.

19. Paragraph 19 constitutes a conclusion of law to which no response is required. If a response is deemed required, Defendant BOP denies.

<u>United States Customs and Border Protection</u>

20. Defendant CBP admits the first three sentences of Paragraph 20. The fourth sentence of Paragraph 20 is a legal conclusion to which no response is required. If a response is deemed required, Defendant CBP denies.

21. Defendant CBP admits the first, third, fourth, fifth, and sixth sentences of Paragraph 21. Defendant CBP denies that it had knowledge of additional, responsive documents as of October 16, 2024.

22. Defendant CBP admits that to date it has only produced one document in response to Plaintiff's FOIA request. Defendant CBP denies that it has withheld records or failed to explain its reasons for not producing any other documents to date.

23. Paragraph 23 consists of a legal conclusion to which no response is required. If a response is deemed required, Defendant CBP denies.

<u>Office of Civil Rights and Civil Liberties</u>

24. Defendant CRCL admits the first two sentences of Paragraph 24. The third

and fourth sentence of Paragraph 24 call for legal conclusions to which no response is required. If a response is deemed required, Defendant CRCL responds that the cited exhibit speaks for itself.

25. Defendant CRCL admits in part and denies in part. Defendant CRCL admits that it referred for responses to requests 1, 2, 4, and 5, to the DHS Privacy Office and CBP and accordingly no response from Defendant CRCL for requests 1, 2, 4 and 5 are required. Defendant CRCL admits that it has not provided a response to request 3.

26. Paragraph 26 consists of a legal conclusion to which no response is required. If a response is deemed required, Defendant CRCL denies.

United States Department of Homeland Security

27. Defendant DHS admits that on September 12, 2024, it acknowledged, in a letter sent by email, receipt of Plaintiff's FOIA request. Defendant DHS respectfully refers the Court to its letter dated September 12, 2024, for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

28. Defendant DHS admits that it sent an email to Plaintiff on September 17, 2024, and received a response from Plaintiff on September 18, 2024. Defendant DHS admits that it sent Plaintiff a final response letter on November 14, 2024. Defendant DHS respectfully refers the Court to the correspondence for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

29. Defendant DHS denies. Defendant DHS sent Plaintiff a final response letter on November 14, 2024.

30. The allegations in Paragraph 30 consist of legal conclusions to which no response is required. To the extent a response is required, Defendant DHS denies the allegations in paragraph 30.

**Statutory Requirements**

31. The allegations in Paragraph 31 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited cases.

1  32.  The allegations in Paragraph 32 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute, 5 U.S.C. § 552.

33.  Defendants admit as of the date of this answer.

34.  Defendant CRCL admits.

35.  The allegations in Paragraph 35 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny.

36.  The allegations in Paragraph 36 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute, 5 U.S.C. § 552.

37.  The allegations in Paragraph 37 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute, 5 U.S.C. § 552.

38.  The allegations in Paragraph 38 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute, 5 U.S.C. § 552, and the cited regulations, 6 C.F.R. § 5.11 and 28 C.F.R. § 16.10.

39.  The allegations in Paragraph 39 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute, 5 U.S.C. § 552, and the cited regulations, 6 C.F.R. § 5.11 and 28 C.F.R. § 16.10.

## **CLAIMS FOR RELIEF**

### **CLAIM I**

**(Against All Defendants)**

**5 U.S.C. § 552(a)(6)(A)**

**Failure to Timely Respond to the Requests**

40.  Defendants restate and incorporate their responses to Paragraph 1 to Paragraph 39 as if fully stated herein.

1  41. The allegations in Paragraph 41 consist of legal conclusions to which no
2  response is required. To the extent a response is required, Defendants deny the
3  allegations in paragraph 41.
4  42. The allegations in Paragraph 42 consist of legal conclusions to which no
5  response is required. To the extent a response is required, Defendants deny the
6  allegations in paragraph 42.
7  43. The allegations in Paragraph 43 consist of legal conclusions to which no
8  response is required. To the extent a response is required, Defendants deny the
9  allegations in paragraph 43.
10  44. The allegations in Paragraph 44 consist of legal conclusions to which no
11  response is required. To the extent a response is required, Defendants deny the
12  allegations in paragraph 44.
13  45. The allegations in Paragraph 45 consist of legal conclusions to which no
14  response is required. To the extent a response is required, Defendants deny the
15  allegations in paragraph 45.

### CLAIM II

**(Against All Defendants)**

**5 U.S.C. § 552(a)(3)(A)-(D)**

**Failure to Make a Reasonable Effort to Search for and Promptly Release Records**

20  46. Defendants restate and incorporate their responses to Paragraph 1 to
21  Paragraph 45 as if fully stated herein.
22  47. The allegations in Paragraph 47 consist of legal conclusions to which no
23  response is required. To the extent a response is required, Defendants deny the
24  allegations in paragraph 47.
25  48. The allegations in Paragraph 48 consist of legal conclusions to which no
26  response is required. To the extent a response is required, Defendants deny the
27  allegations in paragraph 48.
28  49. The allegations in Paragraph 49 consist of legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

## CLAIM III

### (<u>Against All Defendants</u>)

### 5 U.S.C. § 552(a)(3)A)-(D), (a)(8)(A), (b)

### Failure to Promptly Release Non-Exempt Records

50. Defendants restate and incorporate their responses to Paragraph 1 to Paragraph 49 as if fully stated herein.

51. The allegations in Paragraph 51 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 51.

52. The allegations in Paragraph 52 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 52.

53. The allegations in Paragraph 53 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 53.

## CLAIM IV

### (<u>Against All Defendants</u>)

### 5 U.S.C. § 552(a)(4), (a)(6)

### Failure to Grant Fee Waiver

54. Defendants restate and incorporate their responses to Paragraph 1 to Paragraph 53 as if fully stated herein.

55. The allegations in Paragraph 55 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 55.

56. The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations in paragraph 56.

57. The allegations in Paragraph 57 consist of Plaintiff's characterization of their FOIA request to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to Plaintiff's FOIA request for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

58. Defendant BOP admits that it has not issued a determination regarding Plaintiff's fee waiver request.  Defendants CBP and CRCL deny. Defendant DHS admits that it conditionally granted Plaintiff's fee waiver request.

59. The allegations in Paragraph 59 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 59.

## CLAIM V

### (Against All Defendants)

### 5 U.S.C. § 552(a)(6)(E)

**Failure to Process Plaintiff's Requests Expeditiously and as Soon as Practicable**

60. Defendants restate and incorporate their responses to Paragraph 1 to Paragraph 59 as if fully stated herein.

61. The allegations in Paragraph 61 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 61.

62. The allegations in Paragraph 62 consist of Plaintiff's characterization of itself to which no response is required.  If a response is deemed necessary, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis denies them.

63. The allegations in Paragraph 63 consist of Plaintiff's characterization of their FOIA requests to which no response is required.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to Plaintiff's FOIA requests

for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

64. Regarding the first sentence of Paragraph 64, Defendant BOP admits that it granted Plaintiff's request for expedited processing; Defendant BOP denies the remainder of this sentence. The remaining allegations in Paragraph 64 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 64.

65. The allegations in Paragraph 65 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 65.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no responses are required. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants hereby deny generally and specifically each and every allegation contained in Plaintiff's Complaint that has not been previously admitted, denied, or otherwise answered.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation. In asserting these defenses, Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

1. The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

**SECOND AFFIRMATIVE DEFENSE**

2. Defendants have not improperly withheld any records under the FOIA.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions to the FOIA, or under other provisions of the law.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent that Plaintiff failed to satisfy prerequisites to suit, this Court lacks jurisdiction over any matter as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's request submitted under the FOIA did not reasonably describe the records sought.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Any information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552, *et seq.*, and/or the Privacy Act, 5 U.S.C. § 552(a), *et seq.*

**EIGHTH AFFIRMATIVE DEFENSE**

8. At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to lawful authority.

WHEREFORE, Defendants pray:

1. That judgment be entered for Defendants and against Plaintiff;
2. That Plaintiff's Complaint and action be dismissed in its entirety;
3. That Defendants be awarded costs and disbursement in this action; and
4. For such other and further relief as the Court may deem just and proper.

Dated: December 18, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
JASON K. AXE
Assistant United States Attorney

*/s/ Sarah L. Cronin*
Sarah L. Cronin
Assistant United States Attorney

Attorneys for Defendants