1    James L. Day (State Bar No. 197158)
jday@fbm.com
2    Vanessa K. Ing (State Bar No. 329577)
ving@fbm.com
3    FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
4    San Francisco, California 94104
Telephone: (415) 954-4400
5    Attorneys for Plaintiff
(*additional counsel information on next page*)

7    JOSEPH T. MCNALLY
Acting United States Attorney
8    DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
9    JOANNE S. OSINOFF
Assistant United States Attorney
10    Chief, Complex and Defensive Litigation Section
SARAH L. CRONIN (Cal. Bar No. 252624)
11    Assistant United States Attorney
JASON K. AXE (Cal. Bar No. 187101)
12    Assistant United States Attorney
      Federal Building, Suite 7516
13       300 North Los Angeles Street
      Los Angeles, California 90012
14       Telephone: (213) 894-3986/8790
      E-mails: Sarah.Cronin@usdoj.gov
15            Jason.Axe@usdoj.gov
16    Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>         Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF PRISONS, UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES DEPARTMENT OF HOMELAND SECURITY OFFICE OF CIVIL RIGHTS AND CIVIL LIBERTIES, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>         Defendants. | Case No. 2:24-cv-09123-MWC (BFMx)<br><br>**JOINT REPORT OF CONFERENCE OF PARTIES**<br><br>[Fed. R. Civ. P. 26(f)]<br><br>Original Complaint Filed: October 23, 2024<br>Answer Filed: December 18, 2024<br>Proposed Trial Date: March 2, 2026<br><br>Conference Date: February 28, 2025<br>Time:   1:30 p.m.<br>Courtroom:   6A<br><br>Hon. Michelle Williams Court |

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)

1   Eva L. Bitrán (State Bar No. 302081)
    ebitran@aclu.org
2   ACLU FOUNDATION OF SOUTHERN
    CALIFORNIA
3   1313 W. 8th Street
    Los Angeles, CA 90017
4   Telephone: (909) 380-7505

5   Eunice Cho (*pro hac vice*)
    echo@aclu.org
6   AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    NATIONAL PRISON PROJECT
7   915 Fifteenth Street NW, 7th Floor
    Washington, DC 20005
8   Telephone: (202) 548-6616

9   Kyle Virgien (State Bar No. 278747)
    kvirgien@aclu.org
10  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    NATIONAL PRISON PROJECT
11  425 California Street, 7th Floor
    San Francisco, CA 94104
12  Telephone: 415-343-0770

13  My Khanh Ngo (State Bar No. 317817)
    mngo@aclu.org
14  AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    IMMIGRANTS'RIGHTS PROJECT
15  425 California Street, 7th Floor
    San Francisco, CA 94104
16  Telephone: 415-343-0770

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -    2
Case No. 2:24-cv-09123-MWC (BFMx)

On Friday, February 7, 2025, the Plaintiff and Defendants, through their undersigned counsel, held their Conference of Parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.  The Parties hereby submit their Rule 26(f) Joint Report of Conference of Parties pursuant to the Court's Order Setting Scheduling Conference.  Dkt. No. 21.

A.    <u>STATEMENT OF THE CASE</u>

    **1. Plaintiff's Statement**

This FOIA case brought by Plaintiff ACLU of Southern California seeks the timely disclosure of records related to the use of BOP facilities for immigration detention and the use of soft-sided temporary facilities (tent-like structures) by CBP for holding and processing migrants in Texas by Defendants Federal Bureau of Prisons ("BOP"), United States Customs and Border Protection ("CBP"), Department of Homeland Security Office of Civil Rights and Civil Liberties ("CRCL"), and United States Department of Homeland Security ("DHS") (collectively, "Defendants").  Plaintiff submitted its FOIA requests (the "Requests") to the Defendants on September 10, 2024.  Defendants' deadline of 30 working days to respond, *see* 5 U.S.C. 552(a)(6)(A)(i), (B)(i), was October 22, 2024.

Even though Plaintiff filed its Requests over four months ago, only Defendants BOP and DHS have either produced or pointed to responsive documents.  On November 14, 2024, DHS, through its Privacy Office, issued what it characterized as a "final response" to the FOIA Request directed toward the agency, writing:  "Information responsive to your request can be accessed online at https://www.dhs.gov/publication/oido-inspection-reports accessed on 11/14/2024.  Pursuant to 5 U.S.C. § 552(a)(1) and (a)(2), DHS need not make available under FOIA records that are publicly available."  DHS then identified public inspection reports from its Office of the Immigration Detention Ombudsman, only two of which even concerned the use of temporary soft-sided facilities.  On January 31, 2025, BOP produced 668 pages in full and 64 pages in part, with release not yet

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)

1    determined for 9 pages pending consultation with ICE.

2    Both the use of federal prisons run by BOP for immigration detention and

3    CBP's use of tent-like structures in Texas to detain immigrants have caused

4    significant civil rights violations in the past.  And in recent weeks, the current

5    administration has already begun to initiate a program of mass detention and

6    deportation, relying upon tent camps and BOP facilities to expand its capacity to

7    hold migrants.  On January 29, 2025, the White House directed the Secretaries of

8    Defense and Homeland Security to expand immigration detention facilities at

9    Guantánamo Bay to hold 30,000 people.[1]  In the weeks since, the military hastily

10   began building a tent camp[2]—a move prompting civil rights lawsuits.  On January

11   27, 2025, at DHS's request, the U.S. military began providing facilities at Buckley

12   Space Force Base in Colorado for ICE to process detained migrants.[3]  The military's

13   statement provided that ICE required a "temporary holding location" for the

14   "receiving, holding, and processing" of migrants—which will also likely take the

15   form of a tent camp.  On January 22, 2025, DHS authorized Department of Justice

16   law enforcement officers, including BOP officers, to enforce immigration laws, and

17   on February 7, 2025, news broke that the government was beginning to transfer

18

19

20   [1] *Expanding Migrant Operations Center at Naval Station Guantanamo Bay to Full Capacity*, The White House (Jan. 29, 2025), at

21   https://www.whitehouse.gov/presidential-actions/2025/01/expanding-migrant-

22   operations-center-at-naval-station-guantanamo-bay-to-full-capacity/.

23   [2] Carol Rosenberg, *A Tent City Is Rising at Guantánamo Bay*, The New York Times

24   (Feb. 8, 2025), https://www.nytimes.com/2025/02/08/us/politics/guantanamo-bay-

25   migrants.html.

26   [3] *Military to provide facilities at Colorado's Buckley Space Force Base to process detained migrants*, CBS News (Jan. 28, 2025),

27   https://www.cbsnews.com/colorado/news/colorado-military-provide-facilities-

28   process-detained-migrants/?utm_campaign=snd-autopilot.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -     2
Case No. 2:24-cv-09123-MWC (BFMx)

people in ICE custody to BOP facilities.[4]  Thus, Plaintiff now asks the Court for injunctive and other appropriate relief requiring Defendants to conduct a thorough search for all responsive records and to immediately process and release any responsive records, and to unconditionally waive all fees associated with responding to Plaintiff's Requests.  Plaintiff also asks the Court to enjoin Defendants from withholding non-exempt, responsive records.

### 2.  Defendants' Statement

This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* On September 10, 2024, Plaintiff submitted a FOIA request to Defendant BOP and a FOIA request to Defendants CBP, CRCL, and DHS. The FOIA requests sought copies of records relating to the use of soft-sided temporary facilities for holding and processing migrants in Texas. Dkt. 1 at ¶ 1. On October 23, 2024, Plaintiff filed its Complaint in this action, alleging that Defendants failed to acknowledge and/or properly respond to the FOIA request. *Id.* at ¶¶ 17-30.

On November 14, 2024, DHS issued a final response letter to Plaintiff, identifying the location of the publicly available information sought by the FOIA request. Plaintiff sent a letter to DHS, dated January 13, 2025, identifying questions it had regarding DHS's final response letter. DHS is looking into these questions and preparing a response.

BOP made a production of records on January 31, 2025. To clarify, and per the letter that was sent with the production of records: "In response to your request, staff located 1,103 pages of responsive records, which were forwarded to this office for a release determination. We sent a consultation request to, and received a

---

[4] Michael R. Sisak, *Federal prisons being used to detain people arrested in Trump's immigration crackdown*, Los Angeles Times (Feb. 7, 2025), https://www.latimes.com/world-nation/story/2025-02-07/federal-prisons-being-used-to-detain-people-arrested-in-trumps-immigration-crackdown.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -    3
Case No. 2:24-cv-09123-MWC (BFMx)

response from, U.S. Immigration and Customs Enforcement (ICE) regarding 67 pages of these responsive records." BOP has also located additional records that it is processing for release. In addition, BOP recently reached out to Plaintiff to clarify whether Plaintiff also wanted records pertaining to any agreements involving BOP contracted facilities, rather than limited to BOP government operated facilities. Plaintiff has confirmed that it does want records pertaining to BOP contracted facilities. Accordingly, BOP will conduct additional searches for records pertaining to agreements with BOP contracted facilities to determine whether there are additional records to produce.

CBP is still conducting searches for records. To date, it has collected approximately 5,000 pages of records and is preparing to make its first production of records on March 15, 2025. CBP can process 500 pages per month, which means that it will complete its production of records collected to date in nine to ten months. CRCL has collected fewer than two hundred pages of responsive records.  CRCL expects to produce its records by the end of this month.

**B.    <u>SUBJECT MATTER JURISDICTION</u>**

The Court has original subject matter jurisdiction over Plaintiff's claims under the federal Freedom of Information Act ("FOIA"), pursuant 5 U.S.C. § 552, as well as 28 U.S.C. § 1331.

**C.    <u>LEGAL ISSUES</u>**

**1.  Plaintiff's Statement**

The primary legal disputes will be whether Defendants have satisfied their obligations under FOIA to:

1.      Timely respond to the Requests (5 U.S.C. § 552(a)(6)(A));

2.      Make a reasonable effort to search for and promptly release records (5 U.S.C. § 552(a)(3)(A)-(D));

3.      Promptly release non-exempt records (5 U.S.C. § 552(a)(3)(A)-(D), (a)(8)(A), (b));

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -    4
Case No. 2:24-cv-09123-MWC (BFMx)

4.      Grant a fee waiver (5 U.S.C. § 552(a)(4), (a)(6)); and

5.      Process Plaintiff's Requests expeditiously and as soon as practicable (5

U.S.C. § 552(a)(6)(E)).

This case may also involve a dispute over Plaintiff's entitlement to fees and the

amount of a fees award.

**2.      Defendants' Statement**

The Court has jurisdiction to enjoin the agency from withholding agency

records improperly withheld and to order the production of any agency records

improperly withheld from the Plaintiff. 5 U.S.C. § 552(a)(4)(B); *Spurlock v. FBI*, 69

F.3d 1010, 1015 (9th Cir. 1995). Under FOIA, an agency's decision to withhold

information from a FOIA requester is subject to *de novo* review by the courts.

*Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979),

cert. denied, 446 U.S. 937 (1980). The agency has the burden to justify the non-

disclosure of documents and establish that a particular document is exempt from

disclosure. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir.

1995).

In regard to any information that might be withheld, FOIA generally provides

that any person has a right to obtain access to federal agency records, except to the

extent that such records (or portions of them) are protected from public disclosure

by one of nine exemptions. 5 U.S.C. §552(b).

**D.      DAMAGES**

Because this is a FOIA action against the federal government for which

damages are not available, issues of damages are not applicable.

**E.      PARTIES AND EVIDENCE**

**1.  Plaintiff's Statement**

Plaintiff filed the Complaint in this action on October 23, 2024 against

Defendants BOP, CBP, CRCL, and DHS after having received no documents from

Defendants in response to Plaintiff's FOIA Requests submitted September 10, 2024.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -     5
Case No. 2:24-cv-09123-MWC (BFMx)

Defendants answered Plaintiff's Complaint on December 18, 2024.  Accordingly, percipient witnesses include each agency's FOIA officer, and key documents include correspondence between Plaintiff and Defendants concerning Plaintiff's FOIA Requests, as well as notes and records reflecting each Defendant's efforts to search for and promptly release responsive records and withholdings each Defendant may apply.

Plaintiff's FOIA claims seek the adequate search for and release of non-exempt public records, and as such issues of evidence will arise in the context of the sufficiency of Defendants' production of documents and their declarations justifying the adequacy of their document searches and withholding of purportedly exempt information.  If discovery into these matters warranted, issues of evidence may also arise in the context of potential testimony of witnesses who conducted the search for, production and/or withholding of responsive documents.

The Parties do not anticipate the appearance of additional parties.

### 3.    Defendants' Statement

Plaintiff is the American Civil Liberties Union of Southern California.

Defendants are the Federal Bureau of Prisons ("BOP"), United States Customs and Border Protection ("CBP"), Department of Homeland Security Office of Civil Rights and Civil Liberties ("CRCL"), and United States Department of Homeland Security ("DHS").

Percipient witnesses include each Defendants' FOIA officer.

Key documents include correspondence between Plaintiff and Defendants concerning Plaintiff's FOIA Requests, as well the records produced, and the *Vaughn* index of withheld records.

Defendants do not anticipate the appearance of additional parties.

### F.    <u>INSURANCE</u>

Because this is a FOIA action against the federal government for which damages are not available, issues of insurance are not applicable.

JOINT REPORT OF CONFERENCE OF PARTIES -    6
Case No. 2:24-cv-09123-MWC (BFMx)

**G.**    **MANUAL FOR COMPLEX LITIGATION**

The Parties do not anticipate that the procedures of the Manual for Complex Litigation will be utilized.

**H.**    **MOTIONS**

**1.  Plaintiff's Statement**

Plaintiff does not anticipate the need to add other Parties or claims, file amended pleadings, transfer, venue, or address other procedural matters at this time. However, Plaintiff requests that to the extent the Court sets a deadline to amend the pleadings, it set that deadline for 30 days after the Court rules on any summary judgment motions.

Defendants' Statement Defendants do not anticipate filing any motion seeking to add other parties or file amended pleadings, transfer venue, or challenge the Court's jurisdiction. Defendants request that the Court set a deadline of six weeks following the scheduling conference to hear any motions to amend pleadings or add parties, pursuant to the Court's Schedule of Pretrial and Trial Dates Worksheet.

**I.**    **Dispositive Motions**

As is customary in FOIA cases, the Parties anticipate that this action will be resolved on summary judgment.

**1.  Plaintiff's Statement**

Plaintiff proposes that this case may most efficiently be resolved through two sets of cross-motions for summary judgment: the first to address Plaintiff's claims against Defendants BOP, DHS, and CRCL (which have taken the position their search is complete); and the second to address Plaintiff's claims against CBP. Accordingly, Plaintiff requests leave of Court to deviate from the Court's standing order, which permits only one summary judgment motion per party.  Dkt. 16 at 7.

The issues between Plaintiff and Defendants BOP, DHS, and CRCL will be ripe for adjudication soon. Defendant DHS has taken the position that its search for and production of responsive documents is complete. Plaintiff sent DHS a follow-up

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -    7
Case No. 2:24-cv-09123-MWC (BFMx)

letter on January 13, 2025, and DHS has provided no response. DHS can readily provide a response to this letter, and Plaintiff believes that setting concrete deadlines for summary judgment will incentivize DHS to respond to this letter. Defendant BOP conducted a search and produced all responsive documents on January 31, 2025, with the exception of nine pages that it sent to ICE for a consultation. On February 13, 2025, BOP asked Plaintiff whether Plaintiff's FOIA request extends to contracted BOP facilities, and Plaintiff responded the same day that it does. On February 14, 2025. BOP informed Plaintiff that it had located an unspecified number of additional pages to produce and would also search for documents related to contracted BOP facilities. BOP, too, appears close to completing its production of responsive documents. Plaintiff believes that setting concrete summary judgment deadlines will similarly prompt BOP to complete production and crystallize the issues. Defendant CRCL has located fewer than 500 pages of responsive documents, which it has agreed to process within a month for production. Thus the parties' disputes as to the sufficiency of Defendants' searches and whether Defendants have improperly withheld material from their productions will be ready for resolution soon, and setting a summary judgment schedule as to these three defendants will help move this case toward an efficient resolution as to those defendants.

In contrast, the issues between Plaintiff and Defendant CBP will take time to ripen. Defendant CBP has yet to complete its search for responsive documents, and it has already located 5,000 responsive pages. The timeframe for Defendant CBP to produce responsive documents is therefore still unknown and is significantly longer than the timeframe for Defendants BOP, DHS, and CRCL.

The most efficient way to bring this case to a resolution is therefore for the Court to enter two separate schedules for summary judgment briefing—the first against Defendants BOP, DHS, and CRCL, and the second against Defendant CBP. Plaintiff proposes the following schedule for summary judgment as to defendants BOP, DHS, and CRCL:

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)

8

- Defendant BOP produces the final nine pages of responsive records and Defendant CRCL produces the fewer than 500 pages it has located by March 14, 2025

- Plaintiff identifies specific withholdings for Defendants to include in their *Vaughn* indexes by March 21, 2025

- Defendants BOP, DHS, and CRCL produce *Vaughn* indices by April 4, 2025

- Plaintiff identifies the final set of redactions they will challenge by April 11, 2025

- Defendants BOP, DHS, and CRCL file their motion for summary judgment by April 25, 2025

- Plaintiff files its opposition and cross-motion for summary judgment by May 16, 2025

- Defendants BOP, DHS, and CRCL file their reply and cross-opposition by June 6, 2025

- Plaintiff files its cross-reply by June 20, 2025

- Hearing on July 11, 2025 (or as soon thereafter as convenient for the Court)

Second, Plaintiff proposes separate summary judgment briefing for Plaintiff's claims against CBP.

- Defendant CBP begins its first of two productions, at a rate of 2,000 pages/month on March 28, 2025

- Defendant CBP completes its production on May 28, 2025

- Plaintiff identifies specific withholdings for Defendants to include in their *Vaughn* indexes by June 11, 2025

- Defendant CBP produces its *Vaughn* index by July 2, 2025

- Plaintiff identifies the final set of redactions it will challenge by July 16, 2025

- Defendant CBP files its motion for summary judgment by August 6, 2025

- Plaintiff files its opposition and cross-motion for summary judgment by September 3, 2025

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)    9

- Defendant CBP files its reply and cross-opposition by September 24, 2025
- Plaintiff files its cross-reply by October 8, 2025
- Hearing on October 24, 2025 (or as soon thereafter as convenient for the Court)

This efficient, bifurcated schedule and its requirement that Defendant CBP process documents at a rate of 2,000 pages per month will "enforce FOIA's broad policy of disclosure and . . . ensure orderly and expeditious disposition of this case." *Am. C.L. Union Found. of S. California v. United States Immigr. & Customs Enf't*, 705 F. Supp. 3d 1077, 1087 (C.D. Cal. 2023) ("*ACLU SoCal v. ICE I*") (quotation marks and citation omitted); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) ("unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses."); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) ("A court therefore may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

Plaintiff's FOIA requests "involve[] a matter of great public concern . . ." and should be resolved expeditiously. *ACLU SoCal v. ICE I*, 705 F. Supp. 3d at 1087. The documents the defendants have produced and will produce in this case will shed significant light on serious concerns with the government's new policies of holding those in ICE detention in tent camps and BOP prisons. There has been significant media focus on these new policies.[5] That media attention has included this

---

[5] *E.g.*, Rosenberg, *supra* n.5; Sisak, *supra* n.9; Priscilla Alvarez, Natasha Bertrand, and Haley Britzky, *Migrant flight lands in Guantanamo Bay as legal questions swirl around Trump Plans*, CNN (Feb. 4, 2025), https://www.cnn.com/2025/02/04/politics/guantanamo-migrant-flight/index.html; Marianne LeVine, Sarah Cahlan, Jarrett Ley, Maria Sacchetti, *At Guantánamo Bay detention camp, tents go up and troops await detainees*, Washington Post (Feb. 4, 2025), https://www.washingtonpost.com/immigration/2025/02/04/guantanamo-bay-immigrants-deportation-flights/.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)    10

litigation—and even a reference of this status conference—indicating the public need for the documents that will be produced here.[6]  Further underscoring the need for these documents, the ACLU has already filed a document produced on January 31, 2025 in this case in a suit to protect the constitutional and statutory rights of immigrants who have been transferred to Guantánamo.[7]  The expeditious production of documents and resolution of disputes in this case is the only way for many of these crucial documents to reach the public in time to be of use.

Courts have ordered similar briefing schedules and processing rates in other cases that have also involved matters of significant public importance.  *See E.g.*, *Am. C.L. Union Found. of S. California v. United States Immigr. & Customs Enf't*, 739 F. Supp. 3d 805, 813 (C.D. Cal. 2024) ("*ACLU SoCal v. ICE II*"), *reconsideration denied*, 347 F.R.D. 518 (C.D. Cal. 2024) (resolving cross-motions for summary judgment as to the two FOIA defendants who had completed production and reserving issues for another defendant still engaged in rolling productions for a separate set of summary judgment briefing); *Los Angeles Times Communications LLC v. U.S. Department of Homeland Security*, 2:20-cv-10911-FLA (MRWx), 2022 WL 18932816, at *3 (C.D.Cal. 2022) (denying reconsideration of a processing rate of 3,000 pages per month); *ACLU SoCal v. ICE I*, 705 F. Supp. 3d at 1092 (ordering processing rate of 3,000 pages per month); *Open Society Justice Initiative v. CIA*, 399 F. Supp. 3d 161 (S.D.N.Y. 2019) (ordering processing rate of 5,000 pages per month despite the agency's "resource constraints and competing priorities").

Defendants suggest that the Court should wait to enter a briefing schedule and

---

[6] Sisak, *supra* n.9 ("In October, the American Civil Liberties Union sued the Bureau of Prisons and immigration authorities under the Freedom of Information Act for records related to the detention of immigrants in federal prisons during Trump's first term. A conference in that case is scheduled for Feb. 28.").

[7] *Las Americas Immigrant Advocacy Center v. Noem*, No. 1:25-cv-00418, Dkt. 3-10, 10-27 (D.D.C. Feb. 12, 2025).

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)      11

to order a processing rate as to CBP, but this suggestion would hamper the purpose of FOIA to expeditiously release information to the public. Defendants' final responses to Plaintiff's FOIA requests were due under the FOIA statute by October 22, 2024. *See* Dkt. 1 at ¶¶ 33-34. Nearly four months after that statutory deadline, all Defendants claim to have outstanding issues to address before their productions are complete, and Defendant CBP has thousands of pages remaining to produce. Plaintiff first proposed a processing rate of 2,000 pages per month to CBP on November 21, 2024 (shortly after defense counsel for CBP appeared in this case). CBP has yet to set out any evidence or argument why this proposed processing rate might be inappropriate. Likewise, no defendant has set out any alternative to Plaintiff's proposed briefing schedule for summary judgment. These straightforward case-management issues can be resolved at this case-management conference, and Defendants' suggestions otherwise would only add further delays.

### 2. Defendants' Position

Defendants agree that it would be more efficient to allow separate tracks for cross-motions for summary judgment for the different Defendants. Defendants propose that the parties meet and confer on the proposed schedule for those separate cross-summary judgment motions and present them to the Court through a stipulation and proposed order, as none of the Defendants have completed their responses at this time. *See supra* § A.2. Defendants also propose that, to the extent the Court is inclined to order a processing rate at any point during this litigation, the parties should be provided with the opportunity to fully brief the issue, rather than having it resolved in the context of a Joint Rule 26(f) Report.

### J.    STATUS OF DISCOVERY

No discovery has been conducted to date.

### K.    DISCOVERY PLAN

#### 1.  Plaintiff's Position

While Plaintiff does not anticipate the need for discovery at this time,

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)                12

discovery may become necessary in light of issues that become apparent as Defendants continue to produce documents. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting availability of limited discovery in FOIA cases); *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003) (Discovery may not be necessary "when an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains.") Plaintiff reserves the right to seek discovery on matters including the scope and adequacy of Defendants' search, Defendants' systems for storing responsive information, review of segregable non-exempt information, indexing and classification procedures, and other similar matters should Plaintiff believe such discovery is necessary to ensure Defendants' compliance with their FOIA obligations.

Regarding search adequacy, depending on the positions Defendants take regarding their search obligations, Plaintiff may need to depose appropriate individuals familiar with document databases where responsive documents may reside, individuals who conducted the searches, and/or appropriate custodians of records. Plaintiff also anticipates discovery may be necessary upon Defendants providing Plaintiff with indices of documents withheld in whole or part based on purported exemptions, pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

Further, discovery may also be necessary depending on the outcome of any summary judgment motions filed in the case, particularly as to issues of factual disputes regarding the adequacy of Defendants' declarations on search adequacy and segregability of exempt information from disclosable information.

Plaintiff does not presently expect that any issues will arise involving claims of privilege or production as trial-preparation materials.

For these reasons, Plaintiff proposes that discovery remain open until at least 120 days after the Court rules on any summary judgment motions, and that no

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES - 13
Case No. 2:24-cv-09123-MWC (BFMx)

limitations be placed on discovery other than those prescribed by the Federal Rules of Civil Procedure or Local Rules.  Plaintiff also does not anticipate a need for the Court to issue any order under Rule 26(c).

### 2.  Defendants' Position

If necessary, and approved by the Court after a hearing on Defendants' summary judgment motion(s), discovery should be limited to the scope of Defendants' respective searches, its indexing and classification procedures, and similar factual matters, for the reasons set forth below.  *See, e.g., Heily v. Dep't of Commerce*, 69 F. App'x 171, 174 (4th Cir. 2003).

Discovery is the exception, not the rule, in FOIA cases.  *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that in a FOIA case "discovery is limited because the underlying case revolves around the propriety of revealing certain documents").  Discovery is generally not available "when an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."  *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), aff'd, 349 F.3d 657 (D.C. Cir. 2003).  Unsubstantiated claims that an agency has acted in bad faith, are not sufficient to warrant discovery.  *CareToLive v. FDA,* 631 F.3d 336, 345-46 (6th Cir. 2011).

District courts typically stay discovery in cases brought under the Freedom of Information Act on the grounds that it is premature. *See, e.g., Lane*, 523 F.3d at 1134-35 (holding that district court's "delay of discovery" with respect to plaintiff's FOIA claim until after summary judgment "was certainly within its discretion"); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."); *Lion Raisins, Inc. v. USDA*, No. 08-0358, 2009 WL 160283, at *3 (E.D. Cal. Jan. 21, 2009) (denying discovery request before summary judgment stage because "there is not enough information to conclusively determine, at this time, whether or to what extent

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -  14
Case No. 2:24-cv-09123-MWC (BFMx)

discovery should be permitted, or whether the case or particular issues can be properly decided without discovery").

Courts in this district have also generally followed that approach. *See, e.g., City of Los Angeles v. FAA*, 2:19-cv-10506 (Order Granting Defendant's Motion to Stay Discovery Pending Hearing on Defendant's Motion for Summary Judgment); *Pusa v. FBI*, 2:13-cv-04658 (Order Staying Discovery, March 7, 2014 [Dkt. 54]) (staying discovery pending a hearing on defendants' motions for summary judgment); *Yagman v. U.S. Dep't of Justice*, 2:13-cv-00354 (In Chambers Minute Order, August 2, 2013 [Dkt. 16]) (staying discovery "pending a hearing on the Defendants' motions for summary judgment"); *Broemer v. FBI*, CV 08-05515 MMM, 2010 WL 11474673 (C.D. Cal. 2010) ("Because the Ninth Circuit's holding in *Lane* establishes that discovery in FOIA cases prior to summary judgment is inappropriate, the court grants the government defendants' *ex parte* application and stays discovery in this matter until it issues an order on the government defendants' anticipated motion for summary judgment.")

Therefore, Defendants request that the Court stay all discovery pending a hearing on their motion(s) for summary judgment.

## L.    EXPERT DISCOVERY

The Parties do not anticipate the need for expert discovery in this action.

## M.    SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTION ("ADR")

### 1.  Prior Discussions:

The Parties have not had prior settlement discussions. However, the Parties are currently working in good faith to resolve the outstanding claims and issues in this litigation, and with limited Court intervention.

### 2.  ADR Selection:

Pursuant to the Notice to Parties of Court-Ordered ADR Program, the parties believe this case is best suited for mediation with a neutral from the Court Mediation Panel.  The parties are also amenable to mediation before the Magistrate Judge.

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES - 15
Case No. 2:24-cv-09123-MWC (BFMx)

**N.    TRIAL ESTIMATE**

**1.  Proposed Trial Date**

As discussed above, the Parties anticipate that this matter will be resolved at the summary judgment stage because cases brought pursuant to FOIA are typically resolved by motions for summary judgment.  If the Court denies the motions for summary judgment in whole or part, the Parties propose that the Court set a further case management conference to set a schedule for limited discovery and further summary judgment motions as needed, and/or a Final Pretrial Conference.

In the event that this matter is not resolved by summary judgment, and for purposes of scheduling pre-trial dates, Plaintiff proposes March 2, 2026 as the date for trial.  As Plaintiff discusses above in the context of a summary judgment schedule, the Parties' ability to try the case on this schedule depends significantly on the rate at which Defendants produce documents.  Not only will this rate affect the schedule on which the Parties can brief summary judgment, it may also affect the trial date, particularly if the Court issues summary judgment orders requiring Defendants to produce additional documents or perfect their declarations justifying search adequacy or propriety of any withholdings. Both of these outcomes may require the Parties to engage in targeted discovery and/or further motion practice before trial.

**2.  Time Estimate**

The Parties anticipate that if trial is necessary, it would require 2 or 3 full court days.

**3.  Jury or Court Trial**

Should a trial be required, the Parties agree that it would be a bench trial.

**O.    TRIAL COUNSEL**

**1.  Plaintiff**

Jim Day (lead), Vanessa Ing, Kyle Virgien, Eunice Cho, Eva L. Bitrán, My Khanh Ngo

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -    16
Case No. 2:24-cv-09123-MWC (BFMx)

### 2. Defendants

Defendants will be represented at trial by Assistant United States Attorneys Sarah Cronin and Jason Axe.

**P.    MAGISTRATE JUDGE**

The Parties respectfully oppose referral of this matter to the assigned Magistrate Judge.

**Q.    INDEPENDENT EXPERT OR MASTER**

The Parties do not anticipate requiring an independent expert or special master.

**R.    SCHEDULE WORKSHEET**

See attached.

**S.    OTHER ISSUES**

### 1. Rule 26(a) Disclosures:

The parties do not propose that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1)(A)(i) regarding the contact information of witnesses and the subjects of their knowledge, (ii) regarding a description of the category and location of relevant documents, including the documents responsive to Plaintiff's Request, and (iv), any insurance agreement that may be available to satisfy or reimburse payments all or part of any judgement in the action. Because this is a FOIA action for which damages are not available, the disclosures under Rule 26(a)(1)(A)(iii) are not applicable.

### 2. Disclosure Of Electronically Stored Information:

#### (i)    Plaintiff's Position

As set forth in their Request, Plaintiff has asked that Defendants produce documents responsive to its Request electronically, *i.e.* in their native file format, if possible, with all metadata and load files, or alternatively in text-searchable, static-image format (PDF).

#### (ii)    Defendants' Position

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)    17

Plaintiff has raised as an "other issue" the format of the production of documents responsive to the FOIA requests. Because the searches are ongoing, Defendants are not in a position at this time to be able to commit to the manner in which documents will be produced. Instead, Defendants are willing to meet and confer with Plaintiff if an issue arises with respect to any documents.

Respectfully submitted,

Dated:  February 14, 2025                    FARELLA BRAUN + MARTEL LLP


                                             */s/ Vanessa K. Ing*
                                             Jim Day
                                             Vanessa K. Ing
                                             ACLU FOUNDATION OF SOUTHERN CALIFORNIA
                                             Eva L. Bitrán
                                             AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                             Kyle Virgien
                                             Eunice Cho
                                             My Khanh Ngo

                                             *Attorneys for Plaintiff American Civil Liberties Union of Southern California*

Dated:  February 14, 2025                    JOSEPH T. MCNALLY
                                             Acting United States Attorney
                                             DAVID M. HARRIS
                                             Assistant United States Attorney
                                             Chief, Civil Division
                                             JOANNE S. OSINOFF
                                             Assistant United States Attorney
                                             Chief, Complex and Defensive Litigation


                                             /s/ *Sarah L. Cronin*
                                             Sarah L. Cronin
                                             Jason K. Axe
                                             Assistant United States Attorneys

                                             *Attorneys for Defendants*

Farella Braun + Martel LLP
One Bush Street, Suite 900
San Francisco, California 94104
(415) 954-4400

JOINT REPORT OF CONFERENCE OF PARTIES -
Case No. 2:24-cv-09123-MWC (BFMx)                    18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\* Pursuant to Local Rule 5-4.3.4(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

45618\20165340.1